UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BUCHAN LOGGING, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. 1:25-cv-00199-HAB-ALT |
| REX A. HARRIS, *et al.*, | ) ) |
| Defendants. | ) ) ) |

**OPINION AND ORDER**

Defendants removed this state-based declaratory relief claim to federal court from Adams Circuit Court on April 5, 2025, pursuant to diversity of citizenship under 28 U.S.C. §§ 1332 and 1441(b). (ECF 1, 4). However, on June 5, 2025, Plaintiff filed a motion to amend its complaint (ECF 21) along with a proposed amended complaint (ECF 21-1), aiming to add 1) new state-based claims against Defendants and 2) Ted A. Leichty as a defendant for alleged tortious interference with the contract entered between Plaintiff and Defendants. (*See* ECF 21, 27).[1] Defendants responded in opposition on June 18, 2025, stating that 1) the tortious interference claim lacks merit and is intended to destroy diversity, 2) the request to add the claim against Leichty is untimely, and 3) Plaintiff will not be prejudiced if its motion to amend is denied. (ECF 23). Plaintiff then filed a reply on June 25, 2025. (ECF 24). Accordingly, this motion is now ripe for the Court's adjudication. *See* N.D. Ind. L.R. 7-1. For the following reasons the Court will grant in part and deny in part this motion.

---

[1] The motion to amend is timely filed under the Court's Scheduling Order, which set a deadline of July 15, 2025, for Plaintiff to seek leave to amend the pleadings. (ECF 18).

A.  <u>The Inclusion of Leichty Would Destroy Subject Matter Jurisdiction</u>

The Court's July 23, 2025, Order instructed Plaintiff to file a supplemental statement to the motion to amend (ECF 21) because there was uncertainty as to whether the inclusion of Leichty as a defendant would destroy diversity. (ECF 27). Plaintiff filed a supplemental statement on July 29, 2025. (ECF 28). That filing states that "Leichty is both a resident and citizen of the state of Indiana" and that "Leichty is domiciled in the state of Indiana." (*Id*. ¶ 5). It is now indisputable that the inclusion of Leichty in this matter would destroy the Court's subject matter jurisdiction because Plaintiff and Leichty are both citizens of Indiana. (*See* ECF 1 ¶ 6; ECF 28); *see also Schur v. L.A. Weight Loss Ctrs., Inc*., 577 F.3d 752, 759 (7th Cir. 2009) ("Schur sought to join as defendants two Illinois residents whose presence would destroy diversity jurisdiction.").[2]

"Under [28 U.S.C.] § 1447(e), the decision to permit joinder of a defendant that destroys diversity jurisdiction is left to the sound discretion of the district court." *Sparrow v. Menard, Inc.,* No. 1:11-CV-00608-TWP, 2011 WL 4833116, at *2 (S.D. Ind. Oct. 12, 2011) (citation omitted) (analyzing the tension between a party's right to amend its complaint as a matter of course under Rule 15(a) and implicating post-removal joinder under § 1447(e)); *see also Harley-Davidson Inc. v. Hartford Accident & Indem. Co*., No. 12-C-691, 2014 WL 1338815, at *4 (E.D. Wis. Apr. 3, 2014). As the Seventh Circuit Court of Appeals has explained, the Court is now presented with two options:

> When joinder of a nondiverse party would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies and provides the district court two options: (1) deny joinder, or (2) permit joinder and remand the action to state court. These are the only options; the district court may not permit joinder of a nondiverse defendant and retain jurisdiction.

---

[2] "A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Page v. Democratic Nat'l Comm*., 2 F.4th 630, 636 (7th Cir. 2021) (citation and quotation marks omitted).

*Schur*, 577 F.3d at 759 (citations omitted). In determining whether joinder of a nondiverse party is appropriate district courts are instructed to assess "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Id*. (collecting cases).

1. *Plaintiff's Motive in Joining Leichty*

Defendants argue that Plaintiff's motive in adding Leichty as a defendant to this case is to destroy diversity jurisdiction. (*See* ECF 23 at 3-5). In so doing, Defendants contend that Plaintiff's intent to add Leichty is "a textbook example of fraudulent joinder." (*Id.* at 2). The Seventh Circuit Court of Appeals has opined on fraudulent joinder as follows:

> Fraudulent joinder is difficult to establish—a defendant must demonstrate that, "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." Framed a different way, the district court must ask whether there is "any reasonable possibility" that the plaintiff could prevail against the non-diverse defendant.

*Schur*, 577 F.3d at 764 (citations omitted). Though "the fraudulent joinder doctrine is not directly applicable to the post-removal context, it can be a relevant factor for determining whether to permit joinder under § 1447(e)." *Id*. at 764. "[T]he important question when considering the joinder of a nondiverse defendant is 'whether there is any reasonable possibility that the plaintiff could prevail against [them].'" *Ali v. Volkswagen Grp. of Am., Inc*., No. 19-CV-06148, 2020 WL 5250669, at *3 (N.D. Ill. Sept. 3, 2020) (second alteration in original) (quoting *Schur*, 577 F.3d at 764); *Destiny Health, Inc. v. Connecticut Gen. Life Ins. Co*., 741 F. Supp. 2d 901, 906 (N.D. Ill. 2010) ("In assessing Plaintiff's motive, the Court must look to . . . state law and consider whether there is 'any reasonable possibility' that Plaintiff could prevail against [the defendant]."

3

(citing *Schur*, 577 F.3d at 764)). "[A] viable claim obviates the need to inquire further into motive, because a court cannot conclude as a matter of law that the motive for joinder is solely to destroy diversity." *Ali*, 2020 WL 5250669, at *3. Consequently, evaluating Plaintiff's motive requires an assessment as to whether Plaintiff's claim against Leichty is viable.

At this juncture of the case the Court is not required to determine whether Plaintiff will succeed in this lawsuit, but only that Plaintiff's claim has some possibility of success. *See id.* "In fact, a federal court may find that a nondiverse defendant is not fraudulently joined for the purposes of jurisdiction, and later a state court may find that the plaintiff failed to state a claim against the same nondiverse defendant, who will then be dismissed from the suit." *Rutherford v. Merck & Co., Inc.*, 428 F. Supp. 2d 842, 847 (S.D. Ill. 2006) (citations omitted). Nevertheless, even in consideration of this deferential standard, Plaintiff's claim would likely fail. To explain this conclusion a brief recitation of the parties' arguments regarding the state-based tortious interference claim is warranted.[3]

Plaintiff believes Leichty "inserted himself into the contractual relationship between Buchan and the Harrises by seeking to purchase the land already contracted to be sold by the Harrises to Buchan." (ECF 21 ¶ 16; *see id.* ¶ 21 ("As a party that has tortiously interfered with the contractual relationship between Buchan and the [Harrises], Buchan has a right to seek redress against Liechty.")). Defendants imply that Plaintiff's attempted joinder of Leichty fails because, in Indiana, a tortious interference with a business relationship claim necessitates illegal conduct on the part of the defendant. (*See* ECF 23 at 5 ("Where the 'designated evidence fail[s] to demonstrate any illegality of [the defendant's] conduct' dismissal of a tortious interference claim is proper." (quoting *Rice v. Hulsey*, 829 N.E.2d 87, 91 (Ind. Ct. App. 2005))). But

---

[3] The parties appear to agree that this claim is based upon Indiana law given their arguments cite to Indiana law. (*See* ECF 23, 24).

Defendants' argument settles on an erroneous set of facts. Plaintiff does not claim that Leichty tortiously interfered with a business relationship, but rather, Leichty tortiously interfered with a contract. (*See* ECF 21 ¶¶ 16, 21; *see also* ECF 21-1 at 10-11; ECF 24 at 5). This distinction is important as a tortious interference with a business relationship claim requires illegal conduct on the part of the defendant, while a tortious interference with a contract claim does not. *See Levee v. Beeching*, 729 N.E.2d 215, 222 (Ind. Ct. App. 2000) (listing the elements of both claims and concluding that "that illegal conduct is an essential element of tortious interference with a business relationship" (citations omitted)).

Contrarily, in Indiana a tortious interference with a contract claim demands "(1) the existence of a valid and enforceable contract; (2) defendant's knowledge of the existence of the contract; (3) defendant's intentional inducement of breach of the contract; (4) the absence of justification; and (5) damages resulting from defendant's wrongful inducement of the breach." *Id*. at 221 (citation omitted). Yet, liability pursuant to a tortious interference of a contract claim is circumvented by a defendant's legitimate justification of interference. *See Morgan Asset Holding Corp. v. CoBank, ACB*, 736 N.E.2d 1268, 1272 (Ind. Ct. App. 2000) ("To satisfy the element of lack of justification, the breach must be malicious and exclusively directed to the injury and damage of another. Moreover, the existence of a legitimate reason for the defendant's actions provides the necessary justification to avoid liability." (brackets, citations and quotation marks omitted)); *see also Partin v. Baptist Healthcare Sys., Inc.*, 135 F.4th 549, 563 (7th Cir. 2025) ("Alternatively, a plaintiff can prove that the defendant acted unfairly and unreasonably under the circumstances. Under [this] approach, courts consider, among other things, the nature of the defendant's conduct and the defendant's motive, as outlined in the Restatement (Second) of Torts § 767." (citations and internal quotation marks omitted)); *Am. Consulting, Inc. v. Hannum*

5

*Wagle & Cline Eng'g, Inc*., 136 N.E.3d 208, 215 (Ind. 2019) (acknowledging both standards in assessing the element of lack of justification). Therefore, even though Plaintiff filed a document (ECF 4-1) indicating a potential contractual relationship between the parties, and Plaintiff avers in the proposed amended complaint that Leichty was aware of the contract (ECF 21-1 at 9), Plaintiff provides no rationale either by brief, or in the proposed amended complaint, as to why Leichty would act out of a sense of "disinterested malevolence[,]" *Morgan Asset Holding Corp*., 736 N.E.2d at 1272, or "unfairly and unreasonably under the circumstances[,]" *Partin*, 135 F.4th at 563, in purchasing land that seemingly costs tens of thousands of dollars (*see* ECF 21-1 at 14). Instead, Plaintiff merely contends that "Leichty has attempted to induce the Harrises not to sell the real estate to Buchan, but rather to sell the real estate directly to Leichty." (*Id*. at 9). Given the conclusory rationale offered, the Court cannot contemplate this claim passing muster if asserted in state court. *See Morgan Asset Holding Corp*., 736 N.E.2d at 1272 ("In its cross-claim, Morgan Asset alleged that 'no justification exists for CoBank's inducement of the breach of the Subordination Agreements by EMCRW.' This conclusory statement without more is not sufficient to allege the absence of justification." (brackets and internal citation omitted)). Resultingly, Plaintiff's motive is questionable.

It is likely the case that Plaintiff's claim of tortious interference with contract lacks merit, and was possibly even asserted to thwart federal jurisdiction, however, the Court's analysis does not end here. *See Schur,* 577 F.3d at 759 (instructing district courts to consider all factors, including the plaintiff's motive, timeliness of the requested amendment, risk of significant injury to the plaintiff, and other relevant equitable considerations). Accordingly, although the factor regarding motive weighs against Plaintiff, the analysis continues.

### 2. Plaintiff's Timing in Seeking Joinder

Defendants raise concerns regarding the timing of Plaintiff's decision to seek joinder of Leichty after this case was removed, arguing that Plaintiff is seeking to defeat diversity. (ECF 23 at 6). Skepticism may be warranted on the part of Defendants but there is a somewhat plausible reason to justify Plaintiff's decision. Plaintiff filed this lawsuit in state court on April 1, 2025, naming only Rex A. Harris and Lisa D. Harris as Defendants. (ECF 4). The case was subsequently removed to this Court on April 25, 2025. (ECF 1).[4] On May 29, 2025, Defendants filed their answer, and on June 5, 2025, Plaintiff filed a motion seeking to join Leichty. (ECF 19, 21). Plaintiff explains that no discovery has initiated. (ECF 24 at 2). Further, Plaintiff indicates it found new counsel once this case was removed to federal court, lending some credence to the argument that counsel needed time to investigate the case. (ECF 21 ¶¶ 7-8; *see* ECF 7).[5] Plaintiff's counsel waited a little over a month to seek an amendment of the complaint and that duration is not necessarily unreasonable given Plaintiff's counsel was new to the case, apparently investigating the matter. (ECF 21 ¶¶ 7-10); *see Schur*, 577 F.3d at 767 (explaining that a plaintiff's timing in filing a motion to amend was "support[ed]" since the plaintiff did not seek to join new defendants "immediately after removal . . . .").

Thus, although the motion's timing is not without some doubt, Plaintiff has presented a somewhat plausible reason to justify the slight delay in seeking joinder. *See Rolens v. Stearns Nursing & Rehab. Ctr., LLC*, No. 21-CV-00825-JPG, 2023 WL 1069283, at *3 n.3 (S.D. Ill. Jan.

---

[4] Plaintiff states that its counsel "was retained and entered his appearance on behalf of Buchan on April 28, 2025" (ECF 21 ¶ 8), and after investigating the matter Plaintiff's counsel decided that an amended complaint joining Leichty was necessary (*see id*. ¶¶ 10-13).

[5] However, Plaintiff does not appear to aver that it was unaware of Leichty's role in this matter while the case was in state court, so there is an argument that Plaintiff's previous counsel could have added Leichty much earlier. (*See* ECF 21 ¶ 30); *see also In re Bridgestone/Firestone, Inc., ATX, ATX II*, 129 F. Supp. 2d 1202, 1205 (S.D. Ind. 2001) ("When a plaintiff was aware at the time of the filing of her original complaint of the identity of the defendant she now seeks to add, there arises some suspicion of [the] plaintiff's motives to amend." (citation omitted)).

27, 2023) ("The Court notes Plaintiff recently gained new counsel to assist with the breadth of this case . . . . This may provide an explanation for why new strategic decisions are recently being made." (citation omitted)); *cf. Ali*, 2020 WL 5250669, at *5 ("Because Ali joined McGrath immediately after removal, but without additional discovery providing a legitimate reason for doing so, the timing suggests that the joinder occurred only to defeat diversity jurisdiction." (citation and internal quotation marks omitted)). Furthermore, the motion to amend is timely under the Court's Scheduling Order. (ECF 18). Accordingly, the timeliness factor weighs in favor of joinder.

### 3. Potential Injury to Plaintiff and Equitable Considerations

In assessing the potential injury to Plaintiff, the Court must "balance between the risk that the plaintiff will experience significant injury by pursuing multiple lawsuits if the amendment is not allowed and the risk that the defendant will be prejudiced if the amendment is allowed." *In re Bridgestone/Firestone, Inc., ATX, ATX II,* 129 F. Supp. 2d at 1206 (citation omitted). In support of this factor Plaintiff argues that it would be forced to file a separate lawsuit against Leichty if joinder is denied. (ECF 21 ¶ 31). Perhaps. At any rate, as the Court has previously suggested this argument is undermined by the claim's low probability of success, mitigating the risk of significant injury to Plaintiff. *See DISH Network L.L.C. v. Cox Media Grp., LLC*, No. 20 C 570, 2020 WL 1820516, at *4 (N.D. Ill. Apr. 10, 2020) ("And DISH does not provide a persuasive explanation why it will be 'significantly injured' if joinder is not permitted. Accordingly, the Court denies DISH's motion to the extent it seeks to join Titan Holdings, PMC Equity, and Apollo Advisors."); *cf. In re Abbott Lab'ys Preterm Infant Nutrition Prods. Liab. Litig.*, No. 22 C 2017, 2024 WL 2132425, at *7 (N.D. Ill. May 13, 2024) ("The court agrees with Plaintiff that

there is a risk of *inconsistent verdicts* and other prejudice if joinder is denied." (emphasis added)). Hence, this factor does not militate in favor of Leichty's joinder.

Relatedly, the factor of equitable considerations does not save the day as Plaintiff does not assert any notable equitable considerations.[6] *See Sparrow*, 2011 WL 4833116, at *5 ("The final factor the Court must consider is to review any other general equitable considerations. Courts have recognized that defendants have 'a significant interest in proceeding in a federal instead of an out of state forum.' Beyond the factors analyzed above, the parties have not expressed any additional specific equitable considerations." (internal citation omitted)). Accordingly, the Court will deny Plaintiff's motion to amend to the extent Plaintiff seeks to join Leichty.[7]

B. Conclusion

In sum, the Court DENIES Plaintiff's motion to amend complaint (ECF 21) to the extent that Plaintiff seeks to join Ted A. Leichty as a defendant to this case and GRANTS Plaintiff leave to amend complaint to add claims of breach of contract and specific performance against Defendants. Plaintiff is ORDERED to file an amended complaint in accordance with this Order by September 24, 2025.

SO ORDERED. Entered this 17th day of September 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge

---

[6] Plaintiff simply states "[a]llowing the requested amendment in this matter will allow this matter to proceed forward appropriately and efficiently." (ECF 21 ¶ 32).

[7] Plaintiff also seeks to add claims of breach of contract and specific performance against Defendants, and Defendants do not oppose this amendment. (ECF 21 ¶ 14; *see* ECF 21-1 at 10-11; ECF 23 at 2 n.1). Accordingly, Plaintiff's motion to amend (ECF 21) will be granted to the extent that Plaintiff's additional claims of breach of contract and specific performance against Defendants may be added via Plaintiff's amended complaint.