**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| BUCHAN LOGGING, INC., | |
| Plaintiff, | |
| v. | CASE NO. 1:25-CV-199-HAB-ALT |
| REX A. HARRIS, et al., | |
| Defendants. | |

## OPINION AND ORDER

The matter before the Court is a Motion for Review of Magistrate Judge Decision filed by Plaintiff Buchan Logging, Inc ("Buchan"). (ECF No. 30). Buchan seeks review of Magistrate Judge Andrew L. Teel's opinion denying in part and granting in part Buchan's motion to amend his complaint (ECF No. 29). Defendants Rex A. Harris and Lisa D. Harris (together, "Defendants") have filed a response in opposition to the Motion. (ECF No. 33). For the reasons explained below, the Court DENIES the Motion for Review of Magistrate Judge Decision.

## I.    BACKGROUND

Buchan filed its initial Complaint in this case in Adams Circuit Court on April 1, 2025, seeking declaratory relief related to an alleged contract for sale of land. (ECF No. 4). Defendants removed the case to this Court on April 25, 2025, pursuant to diversity of citizenship under 28 U.S.C. §§ 1332 and 1441(b). (ECF No. 1).

On June 5, 2025, Buchan filed a motion to amend its complaint, seeking to add (1) additional state-based claims against Defendants, and (2) Ted A. Leichty as a defendant for alleged tortious interference with a contract entered into by Buchan and Defendants. (ECF Nos. 21, 21-1).

Defendants responded in opposition on June 18, 2025 (ECF No. 23), and Buchan filed a reply on June 25, 2025 (ECF No. 24).

Magistrate Judge Teel issued an opinion granting in part and denying in part the motion (ECF No. 29). Because Leichty is domiciled in the state of Indiana, *see* ECF No. 28, allowing his inclusion in the lawsuit would destroy subject matter jurisdiction. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021) ("A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State.") (citation and quotation marks omitted); *see also Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009) ("Schur sought to join as defendants two Illinois residents whose presence would destroy diversity jurisdiction."). Therefore, Magistrate Judge Teel analyzed the motion under the test established by the Seventh Circuit in *Schur* for determining whether joinder of a nondiverse party is appropriate. He concluded that joinder in this case was not appropriate, and denied the motion to the extent that Buchan sought to join Leichty as a defendant to the case.[1]

Buchan then filed the instant motion, seeking this Court's review of the magistrate judge's decision to deny his motion to the extent he sought to add Leichty as a defendant to the case. (ECF No. 30). Defendants filed a response in opposition. (ECF No. 33).

## II.    STANDARD OF REVIEW

According to Seventh Circuit caselaw, a motion to amend is considered a non-dispositive motion. *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006). Therefore, a magistrate judge's ruling on a motion to amend is "subject only to review for clear error." *Id.* However, as

---

[1] Buchan's motion also sought leave to amend to add claims of breach of contract and specific performance against Defendants, which Defendants did not oppose. *See* ECF No. 20. The magistrate judge granted the motion to amend with respect to those additional claims. ECF No. 29 at 9 n.7.

both parties note, the Seventh Circuit has left open the question of whether a magistrate judge's ruling on a motion to join a non-diverse defendant that would defeat diversity is dispositive or non-dispositive. *See Shur*, 577 F.3d at 760 n.6 ("We have not addressed whether a motion to join a nondiverse defendant whose joinder would destroy the court's diversity jurisdiction is 'dispositive,' and we need not answer the question in this case.").

Federal Rule of Civil Procedure 72 permits parties to serve and file objections to a magistrate judge's order, dispositive or non-dispositive, within fourteen days of the entry of such order. Fed. R. Civ. P. 72(a)-(b). A district court judge may sustain an objection to a non-dispositive order by a magistrate judge when the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A district court judge reviews objections to dispositive recommendations made by the magistrate judge *de novo.* Fed. R. Civ. P. 72(b)(3). This Court need not decide which standard to apply, because even under the more stringent standard—*de novo*—the Court agrees with the magistrate judge's reasoning and ruling.

## III.    ANALYSIS

"When joinder of a nondiverse party would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies and provides the district court two options: (1) deny joinder, or (2) permit joinder and remand the action to state court." *Schur*, 577 F.3d at 759. Both parties agree with the magistrate judge that the proper test to apply in determining whether to allow the joinder of a party that would destroy subject matter jurisdiction is the one outlined by the Seventh Circuit in *Schur*. Specifically, a court should consider: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Id.*

In evaluating Buchan's request to amend the complaint to join Leichty, Magistrate Judge Teel found that, while Buchan's request was timely, the other three factors weighed against permitting joinder. He concluded, therefore, that joinder should not be permitted, and denied the motion to amend to the extent that Buchan sought to join Leichty.

Buchan's first objection is that the magistrate judge erred in finding that the first factor—the plaintiff's motive for seeking joinder—weighed against allowing joinder here. *See* Mot. at 7-13. As Magistrate Judge Teel explains in his opinion, when evaluating the plaintiff's motive for seeking joinder, the central question is "whether there is any reasonable possibility that the plaintiff could prevail against" the nondiverse defendant. ECF No. 29 at 3 (quoting *Ali v. Volkswagen Grp. of Am., Inc.*, 2020 WL 5250669, at *3 (N.D. Ill. Sept. 3, 2020). This question is evaluated under state law. *Destiny Health, Inc. v. Conn. Gen. Life Ins. Co.*, 741 F. Supp. 2d 901, 906 (N.D. Ill. 2010).

Under Indiana law, to state a claim for interference with contractual relations—Buchan's proposed claim against Leichty—a plaintiff must allege (1) the existence of a valid and enforceable contract; (2) the defendant's knowledge of the existence of the contract; (3) the defendant's intentional inducement of breach of the contract; (4) the absence of justification; and (5) damages resulting from the defendant's wrongful inducement of the breach. *Zemco Mfg., Inc. v. Navistar Int'l Transp. Corp.*, 759 N.E.2d 239, 251 (Ind. Ct. App. 2001). Buchan contends that Magistrate Judge Teel erred in concluding that Buchan could not satisfy the fourth element of a successful claim for interference with contractual relations under Indiana law: absence of justification. ECF No. 30 at 8-13. Buchan argues that the magistrate judge's specific error was in determining that Buchan needed to show that Leichty acted with malice in order to satisfy that element. *Id.* (citing

4

ECF no. 29 at 6). Buchan cites to Indiana case law in asserting that there is no requirement that the interference be "malicious." *Id.* at 10 (collecting cases).

But in reading Magistrate Judge Teel's opinion, there appears to be no actual disagreement on the standard to be applied. As Defendants point out in response to Buchan's objection, while Magistrate Judge Teel does quote one Indiana court as stating that a "breach must be malicious" to satisfy the absence of justification element, his conclusion does not turn on an application of a malice standard. *See* ECF No. 29 at 5 (quoting *Morgan Asset Holding Corp. v. CoBank, ACB*, 736 N.E.2d 1268, 1272 (Ind. Ct. App. 2000)). Buchan contends that "the overriding question [when evaluating the absence of justification element] is whether the defendant's conduct has been fair and reasonable under the circumstances." ECF No. 30 at 9. Consistent with that view, in his opinion, Magistrate Judge Teel concludes that Buchan did not allege that Leichty acted either out of a sense of "disinterested malevolence" *or* "unfairly and unreasonably under the circumstances." ECF no. 29 at 6. Buchan's argument that the magistrate judge erred in requiring an allegation of malice, therefore, fails.

Buchan also objects more generally to Magistrate Judge Teel's conclusion that Buchan's allegations fail to satisfy the absence of justification element. *See* ECF No. 30 at 11-12. The Court agrees with the magistrate judge's conclusion and overrules this objection.

In his proposed amended complaint, Buchan alleges that, after Buchan and Defendants entered into a contract pursuant to which Buchan would purchase land from Defendants, "Leichty . . . attempted to induce the Harrises not to sell the real estate to Buchan, but rather to sell the real estate directly to Leichty." ECF No. 21-1 ¶¶ 8-12. The Complaint continues: "Leichty has attempted to interfere with Buchan's contract with [Defendants] despite knowing that there is a binding, valid, and enforceable contract between [Defendants] and Buchan relating to the sale of

the real estate." *Id.* ¶ 13. The Court agrees with Magistrate Judge Teel and Defendants that these allegations fall short of alleging that Leichty acted "unfairly and unreasonably" under the circumstances—or, more generally, that Leichty's actions were without justification. *See Morgan Asset Holding Corp.*, 736 N.E.2d at 1272 ("In its cross-claim, Morgan Asset alleged that 'no justification exists for CoBank's inducement of the breach of the Subordination Agreements by EMCRW.' This conclusory statement without more is not sufficient to allege the absence of justification.") (punctuation modified).

In arguing that the allegations in the proposed amended complaint are sufficient, Buchan relies on the Northern District of Indiana's opinion in *Great American Insurance Company v. Lexington Insurance Company*, 671 F. Supp. 3d 948 (N.D. Ind. 2023).[2] *See* ECF No. 30 at 11-12. The facts that led to the dispute in *Great American* are complicated. The Court need not explain them in detail here—but it does note that the contracts at issue in that case were different than the real estate agreement at issue here. The plaintiff, Great American Insurance Company ("Great American") asserted an interest in an award received by a third party in arbitration with another party in a separate but related dispute, on the ground that Great American had a perfected security interest in the money. 671 F. Supp. 3d at 951-52. The defendant, Lexington, then asserted an interest in that same award. *Id.* at 952. Great American ultimately filed a complaint against Lexington based on the competing asserted interests, including a count for tortious interference with a contractual relationship. *Id.* at 953.

Lexington moved to dismiss Great American's claim for tortious interference with a contractual relationship for failure to state a claim. *Id.* at 953-54. The court denied the motion.

---

[2] The opinion in *Great American* addressed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) rather than a motion for permissive joinder. The Court finds that this distinction does not matter for the purposes of this analysis.

Regarding the "absence of justification" element, the court noted that Great American had alleged that Lexington was unjustified in asserting an interest in the award because Lexington had neither a contractual right to nor a judgment providing a legal interest in the award, and because Lexington knew that Great American had a perfected security interest in the award. *Id.* at 956. Explaining that the "overriding question is whether the defendant's conduct has been fair and reasonable under the circumstances," the court found these allegations to be sufficient. *Id.* at 955 (punctuation modified).

The allegations the court found sufficient in *Great American* are distinguishable from Buchan's allegations here. All Buchan alleges is that Leichty attempted to purchase Defendants' land despite knowing that Buchan had already entered into a contract to purchase the land. "The act of making an offer or of accepting an offer of another in violation of the other's contractual obligations is, by itself, not enough" for a tortious interference claim. 64 A. Jur. Proof of Facts 3d 273, Tortious Interference with Contractual Relationship Involving Sale of Real Estate (Updated June 2025) (citing *Hutton v. Roberts*, 451 N.W.2d 536 (Mich. Ct. App. 1989)). As Defendants correctly point out, if courts were to find competing offers to purchase real estate to constitute tortious interference with a contract, they would be flooded with litigation following virtually every real estate transaction. The Court finds no error in the magistrate judge's conclusion that the motive for seeking joinder weighs against permitting joinder in this case.

Buchan also objects to Magistrate Judge Teel's finding that the third factor weighed against joinder, arguing that Buchan will suffer an injury should joinder not be permitted. ECF No. 30 at 13. Buchan's argument here is linked to its argument regarding the first factor—"given the reasonable possibility of success" of its claims against Leichty, Buchan argues, Buchan would be harmed by ultimately having to bring multiple lawsuits in different courts for conduct arising out

of the same set of circumstances. *Id.* Because this Court agrees with the magistrate judge that Buchan's chances of success in its claims against Leichty are low, it finds this argument unconvincing. If Buchan believes it has viable tortious interference claims against Leichty, it may bring those in a separate lawsuit in state court.

### IV.    CONCLUSION

For the foregoing reasons, the Court DENIES the Motion for Review of a Magistrate Judge Decision (ECF No. 30).

**SO ORDERED** on April 30, 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT